UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM CARDEN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 10-10541-JLT |
| JOSEPH J. KLUCZNIK, et al., | * | |
| Defendants. | * | |

ORDER

February 23, 2011

TAURO, J.

After a Motion Hearing held on February 17, 2011, this court hereby orders that:

1. The Parties shall each file a Memorandum, not to exceed two pages,[1] directed only at answering the following question: Is Defendant Klucznik a dispensable party and would his dismissal prejudice any of the remaining Parties?[2] Explain.

2. Defendants or Defendants' counsel shall file an affidavit addressing the following inquiry: When did Defendant Joseph J. Klucznik become a resident of

---

[1] The Parties may elect to file a Joint Memorandum. Should each Party file its own Memorandum, then each Memorandum is not to exceed two pages. Should the Parties file a Joint Memorandum, the Memorandum is not to exceed five pages.

[2] See Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22 (1st Cir. 2005) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989)) (dismissing a party with prejudice because the party was the only party prejudiced by dismissal and the party was dispensable because he was a potential joint tortfeasor); Alfonzo-Larrain, 490 U.S. at 832 ("Rule 21 invests districts courts with authority to allow a dispensable nondiverse party to be dropped at any time.").

Massachusetts?[3]  Does the date fall before or after the Complaint was filed?[4]

3. The above-listed documents shall be filed by March 9, 2011.

IT IS SO ORDERED.

                                                                                            /s/ Joseph L. Tauro
                                                                                            United States District Judge

---

[3] See Defs.' Mem. Supp. Mot. Dismiss Pls.' Compl., 28 n.10 [#14].

[4] See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004) ("[I]f the opposing parties are diverse at the moment of suit, but one of them then moves to the other's home state, diversity jurisdiction is not affected.").