UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM CARDEN, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 10-10541-JLT |
| | * |
| JOSEPH J. KLUCZNIK, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM

March 31, 2011

TAURO, J.

I.  Introduction

Plaintiffs have sued Defendants for tortious interference with contractual and advantageous relations and civil conspiracy.[1] Plaintiffs allege diversity of citizenship as the basis for this court's jurisdiction.[2] Defendants claim that this court lacks jurisdiction and that Plaintiffs' suit is barred for a variety reasons. Presently at issue is Defendant Christopher Mulhearn's Motion to Dismiss [#11], Defendants' Motion to Dismiss [#13],[3] Plaintiffs' Motion to Strike Motions to Dismiss and Motion to File Additional Pages Together With Accompanying Memoranda [#17], and Plaintiffs' Request for Additional Time to File Opposition and Objection to East Providence Defendants' Motion to Dismiss [#25]. Because this court finds that it lacks

---

[1] Compl. & Jury Trial ¶¶ 201–213 [#1] [hereinafter Compl.].

[2] Compl. ¶ 8 [#1].

[3] This Motion was filed by Defendants City of East Providence, Timothy Chapman, Joseph J. Klucznik, Robert Powers, and David Rave. See Mot. Dismiss, 1 [#13].

1

subject-matter jurisdiction, it abstains from ruling on these Motions and this action is DISMISSED.

II. Background[4]

On a motion to dismiss, a court must accept all factual allegations in the complaint as true.[5] But a court will not accept as true any facts that are "conclusively contradicted by plaintiffs' concessions or otherwise."[6]

Plaintiffs[7] are the majority shareholders and founding investors in Narragansett Pellet Corporation ("NPC"), an entity presently in bankruptcy.[8] Plaintiffs filed a Complaint on March 31, 2010, naming the City of East Providence ("City"), Christopher Mulhearn, a private attorney, and a group of employees for the City: Timothy Chapman, Joseph J. Klucznik, Roberts Powers, and David Rave.[9] The Complaint contains two counts: (I) tortious interference with contractual and advantageous relations; and (II) civil conspiracy.[10] Plaintiffs allege a prolonged course of

---

[4] Because the issues analyzed here arise in the context of two motions to dismiss, this court presents the facts as they are related in Plaintiffs' Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[5] Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).

[6] Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (citing Snowden v. Hughes, 321 U.S. 1, 10 (1944)).

[7] Plaintiffs are Elaine, Elizabeth, John, and William Carden. Plaintiffs also include Denise and Donald Chevrette, Agnes and Normand Dugas, and Jacqueline Moakler.

[8] Compl. ¶ 7 [#1].

[9] Compl. ¶¶ 1–6 [#1].

[10] Compl. ¶¶ 201–213 [#1].

2

conduct by Defendants, mostly occurring in Rhode Island, that led to the "demise" of NPC.[11]

The Complaint alleges that this court has jurisdiction because the Parties are diverse and the amount-in-controversy is over $75,000.[12] At the time the Complaint was filed, at least one Plaintiff was a resident of Massachusetts.[13] The Complaint (inaccurately) stated that Defendant Joseph J. Klucznik was a resident of Rhode Island.[14]

Defendants filed Motions to Dismiss arguing, inter alia, that this court lacked personal jurisdiction over Defendants, the action was barred by res judicata, and Plaintiffs lacked shareholder standing.[15] One of the Motions to Dismiss indicated in passing that Defendant Joseph J. Klucznik was a resident of Massachusetts.[16] This court, upon realizing a potential jurisdictional defect, ordered Defendant Klucznik to file an affidavit clarifying the issue of his residency.[17] The Affidavit revealed that Defendant Klucznik has resided in Massachusetts since 2009.[18] Plaintiffs

---

[11] Compl. ¶¶ 11–18 [#1].

[12] Compl. ¶ 8 [#1].

[13] Plaintiffs' counsel admitted this fact in front of this court at a Motion Hearing on February 17, 2011.

[14] Compl. ¶ 2 [#1].

[15] Mot. Dismiss [#4]; Mot. Dismiss [#13].

[16] Defs.' Mem. Supp. Their Mot. Dismiss Pls.' Compl., 28 n.10 [#14].

[17] Order, 1–2 [#32]. This court also ordered the Parties to file supplemental briefing discussing whether Defendant Klucznik is a dispensable party and if this court's dismissal of Klucznik would prejudice any Parties. See Order, 1 [#32].

[18] Supp. Mem. Defs. Klucznik, Rave, Powers & East Providence Pursuant Order Feb. 23, 2011, 1 [#33] ("The attached affidavit clarifies that Defendant Joseph Klucznik was a Massachusetts resident at the time the Complaint was filed and has been a resident of Massachusetts since 2009."); id., Ex. A, 1 (containing Affidavit of Joseph J. Klucznik).

indeed later concluded, "based upon their own investigation," that Klucznik was in fact a "citizen" of Massachusetts.[19]

III. Discussion

A federal court should consider whether it has subject-matter jurisdiction before discussing the merits of a motion or case.[20] This holds true even if the parties do not raise the jurisdictional issue.[21] If a court determines that it lacks subject-matter jurisdiction, then it "must dismiss the action."[22]

If a plaintiff sues in federal court and claims that the court has subject-matter jurisdiction because the Parties are diverse,[23] then there must be "complete diversity of citizenship as between all plaintiffs and all defendants."[24] This requirement means that "diversity does not exist where any plaintiff is a citizen of the same state as any defendant."[25] In determining the existence of diversity jurisdiction, the citizenship of the parties is "determined with reference to the facts as

---

[19] Mem. Law Filed Pls.' Pursuant Order Ct. Regarding Dispensibility [sic] Def. Klucznik, 1 [#35] [hereinafter "Pls.' Mem. Law Re: Klucznik"].

[20] See, e.g., United Seniors Ass'n v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007); Parella v. Ret. Bd. of the R.I. Emps.' Ret. Sys., 173 F.3d 46, 54 (1st Cir. 1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)).

[21] See, e.g., Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) ("[A] court, noticing the defect, must raise the matter on its own." (citations omitted); Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010) ("'[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction . . . .").

[22] Fed. R. Civ. P. 12(h)(3).

[23] See 28 U.S.C. § 1332(a).

[24] Alvarez-Torres v. Ryder Mem. Hosp., Inc., 582 F.3d 47, 53–54 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted).

[25] Id. at 54 (citations omitted).

4

they existed at the time of filing."[26]

There is, however, an exception. As the Supreme Court has established, "Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time."[27] The Court has emphasized that this authority should be exercised "sparingly."[28] The decision to dismiss a non-diverse party is within the discretion of the court.[29] The decision to dismiss "revolves largely around whether the non-diverse litigant is a dispensable or indispensable party."[30] Rule 19(b) provides the appropriate guidance to determine whether a party is indispensable.[31] Rule 19(b) provides in pertinent part:

> [T]he court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to

---

[26] Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569–70 (2004) (citation omitted).

[27] Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). Rule 21 provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

[28] Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 677 (1st Cir. 1994) (quoting Newman-Green, 490 U.S. at 837); see also Falken Indus., Ltd. v. Johansen, 360 F. Supp. 2d 208, 211 (D. Mass. 2005) (citing Newman-Green, 490 U.S. at 838). But see Martinez v. Duke Energy Corp., 130 Fed. Appx. 629, 637 (4th Cir. 2005) (claiming that only the courts of appeals, and not district courts, should sparingly exercise their authority to dismiss non-diverse defendants). This court, in either instance, does not solely ground its decision on the instruction to exercise its authority sparingly.

[29] See, e.g., In re iBasis, Inc. Derivative Litig., 551 F. Supp. 2d 122, 127 (D. Mass. 2008) (citing 7 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1688).

[30] Am. Fiber & Finishing Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 142 (1st Cir. 2004) (citations omitted).

[31] H.D. Corp. of P.R. v. Ford Motor Co., 791 F.2d 987, 992 (1st Cir. 1986) (citation omitted); see also DCC Operating, Inc. v. Siaca (In re Olympic Mills Corp.), 477 F.3d 1, 8–9 (1st Cir. 2007) (citation omitted).

consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice can be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence will be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.[32]

These factors are accompanied by four corresponding interests, including the interest in complete, consistent, and efficient settlement of controversies.[33] The First Circuit has also noted the importance of parties having their liability being determined in a "single proceeding."[34] A court should additionally consider any potential prejudice to any parties.[35] This court considers these four factors in seriatim.

The first factor weighs in favor this court not exercising its Rule 21 authority. Klucznik is

---

[32] Fed. R. Civ. P. 19(b).

[33] H.D. Corp. of P.R., 791 F.2d at 992 ("[T]he Supreme Court articulated the interests promoted by these four criteria as (1) the interest of the outsider whom it would have been desirable to join; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability it shares with another; (3) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies; and (4) the plaintiff's interest in having a forum." (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108–11 (1968)).

[34] Casas, 42 F.3d at 677 (explaining that had the jurisdictional defect been brought to the district court's attention before the non-diverse parties had actively participated in the suit, the court could have appropriately ensured that the parties had their liability determined in a single proceeding either by dismissing them from the action or remanding the case).

[35] See, e.g., Newman-Green, 490 U.S. at 838; Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22–23 (1st Cir. 2007).

alleged to be a co-conspirator.[36] As a result, he would likely be jointly and severally liable with the other Defendants.[37] This fact indicates that Klucznik is not an indispensable party.[38] But even if Klucznik may not be indispensable and this court "can" dismiss Klucznik,[39] this does not mean it should. Dismissing Klucznik may cause significant prejudice to him and Plaintiffs. Specifically, Plaintiffs ask this court to dismiss Klucznik without prejudice "to an action being brought against him in state court."[40] If this court accepted Plaintiffs' request, then there would be a case remaining federal court and a dismissed Defendant in state court on the same claims. Given Plaintiffs' indications that Klucznik is both at issue in Plaintiffs' Complaint and subject to another suit, Klucznik would be presented with a dual burden. He would be required to litigate in state court while also being a subject of discovery inquiry in this court. Moreover, the Parties

---

[36] See Compl. ¶ 128, 178 [#1].

[37] Massachusetts recognizes a type of civil conspiracy akin to a theory of common law joint liability in tort. See Smith v. Jenkins, 718 F. Supp. 2d 155, 171 (D. Mass 2010) (noting that members "of a conspiracy have joint and several liability for the actions of their co-conspirators." (citing Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1564–65 (1st Cir. 1994)).

[38] See, e.g., Gorfinkle, 431 F.3d at 22 (citing Newman-Green, 490 U.S. at 838); Casas Office, 42 F.3d at 677 ("It is well-established that joint tortfeasors and co-conspirators are generally not indispensable parties." (citations and internal quotation marks omitted)). The Parties' agreeingly claim that Klucznik is dispensable, see Pls.' Mem. Law Re: Klucznik, 1 [#35], and Defendants suggest that this court's dismissal of Klucznik will not prejudice the remaining Parties, see Supp. Mem. Defs. Klucznik, Rave, Powers & East Providence Pursuant Order Feb. 23, 2011, 1 [#33]. This court nonetheless inquires into the issue and does not accept the Parties' assertions on "blind faith." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991). After the Parties' failure to highlight this jurisdictional defect, it is worth remembering that the litigants' assertions cannot "confer subject-matter jurisdiction, otherwise lacking, by indolence, oversight, acquiescence, or consent." Whitfield v. Municipality of Fajardo, 564 F.3d 40, 44 (1st Cir. 2009) (citations and internal quotation marks omitted).

[39] Gorfinkle, 431 F.3d at 22.

[40] Pls.' Mem. Law Re: Klucznik, 2 [#35].

7

remaining in this court could be subject to a similar type of prejudice. The remaining Defendants' interests may be at stake in a concurrent state action. And the remaining Parties may be required to file claims, conduct discovery, and proceed to trial in multiple forums.[41] They could, therefore, be exposed to prejudice in being forced to litigate in two separate fora "and fight on two fronts."[42] This source of prejudice is only a threat, but a real enough threat for this court to weigh carefully.[43]

The second factor is indeterminate. Plaintiffs ask this court to dismiss Klucznik without prejudice. But where Klucznik, as a non-diverse party, not yet had his claims adjudicated, the appropriate inquiry for this court is whether the prejudice to Klucznik from being dismissed is such that the dismissal should be with prejudice to any further suit by Plaintiffs.[44] Klucznik has participated in the suit in this court to some degree, such as having a Motion filed on his behalf. Were this court to dismiss him without prejudice, Klucznik could be subject to another suit on the

---

[41] See Falken, 360 F. Supp. 2d at 211 ("Plaintiffs would probably be prejudiced by being required to proceed . . . in two separate actions, in different forums, which would lead to the possibility of inconsistent judgments."); cf. Falgoust v. Microsoft Corp., No. 00-779, 2000 U.S. Dist. LEXIS 5417, at *8 (E.D. La. Apr. 19, 2000) (discussing hardship to party forced to litigate in multiple courts).

[42] Echols v. Omni Med. Group., Inc., No. 10-CV-369-GKF-FHM, 2010 U.S. Dist. LEXIS 119809, at *8 (N.D. Okla. Nov. 10, 2010) (denying request to claims and remanding case back to state court).

[43] Plaintiffs, moreover, did not answer this court's inquiry as to whether it would be prejudiced by the dismissal of Klucznik. See Pls.' Mem. Law Re: Klucznik, 2 [#35].

[44] Casas, 42 F.3d at 678 (dismissing defendants from action to preserve jurisdiction but directing district court on remand to determine whether the injury to dismissed defendants was such that their dismissal should be with prejudice to any further suit by the plaintiffs).

8

same claims by the same Plaintiffs in state court.[45] Alternatively, this court could perhaps remedy any potential prejudice by dismissing Klucznik with prejudice. Plaintiffs, however, appear unamenable to such an option by specifically desiring only a dismissal with prejudice to bringing an action in state court. Accordingly, this court considers the third factor.

The third factor strongly weighs in favor of this court not exercising its Rule 21 authority. Given Plaintiffs' indications of bringing an action in state court, the consequences to dropping Klucznik could be complex. If this court dismissed Klucznik, then Plaintiffs could have two cases in two courts. This would create the "potential for inconsistent results on the same issues."[46] Such a result would not promote judicial economy. There is no interest here in preserving a "fully litigated judgment."[47] Instead, there is an interest in preventing prejudice to the Parties and avoiding inconsistent results.

The fourth factor slightly weighs in favor of this court not exercising its Rule 21 authority. This court is attentive to Plaintiffs' choice of forum.[48] But, even if this action is dismissed,

---

[45] Under Massachusetts law, Klucznik, as a defendant here, would not be entitled to invoke claim preclusion simply because he acted jointly with Defendants in this litigation. Hermes Automation Tech., Inc. v. Hyundai Elecs. Indus. Co., 915 F.2d 739, 752 (1st Cir. 1990) (citation omitted); see also Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 249 n.10 (1980) ("There is no privity between joint tortfeasors [for res judicata purposes] because all are jointly and severally liable. Chapter 231B [of Massachusetts General Laws], §[3](e) carries forward that rule and provides that a judgment against one tortfeasor does not discharge the others." (citations omitted)).

[46] Ash v. Providence Hosp., No. 08-0525-WS-M, 2009 U.S. Dist. LEXIS 12794, at *43–44 (S.D. Ala. Feb. 17, 2009); see also Robinson v. Swedish Health Servs., No. C10-0113JLR, 2010 U.S. Dist. LEXIS 29047, at *5–8 (W.D. Wash. Mar. 5, 2010).

[47] Provident Tradesmens, 390 U.S. at 112.

[48] Although Plaintiff's choice of forum is entitled to deference in other contexts, Adelson v. Hananel, 510 F.3d 43, 53 (1st Cir. 2007) (discussing deference to a plaintiff's choice of forum,

Plaintiffs will still have an available forum in a state court. This court does not merely note the "bare fact that a state court forum is available."[49] Rather, Plaintiffs could likely bring the "same action, against the same parties" in a state court.[50] Plaintiffs in fact confirm this point by presenting evidence of a potential suit against Defendant Klucznik in a state court.[51]

This court finds that the four factors together weigh in favor of this court not exercising its Rule 21 authority. The first and third factors are particularly compelling. Dismissing Klucznik at this stage could subject him (and other Parties) to a duplicative "lawsuit before a new judge."[52] Instead, this court chooses to avoid prejudice to any Parties by letting them decide how their

---

especially home forum, in the context of forum non conveniens), there is no clear indication that it applies in this context. But see Slater v. Hoffman-La Roche Inc., No. 10-6956, 2011 U.S. Dist. LEXIS 31315, at *15–16 (E.D.P.A. Mar. 25, 2011) (quoting cases concerning forum non conveniens in context of request to sever and remand claims).

[49] Samaha v. Presbyterian Hospital in N.Y., 757 F.2d 529, 531 (2d Cir. 1985) (citation omitted) (explaining that "the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action" (citation omitted)).

[50] Provident Tradesmens, 390 U.S. at 112. The equivalent of the claims in Plaintiffs' Complaint are also available under Rhode Island law. See, e.g., Narragansett Pellet Corp. v. City of E. Providence, No. 06-464 ML, 2007 U.S. Dist. LEXIS 71884, at *19–27 (D.R.I. Sept. 27, 2007). Moreover, jurisdiction in Rhode Island would likely not be an issue. In particular, nearly all of Defendants reside in Rhode Island. Compl. ¶ 2–6 [#1]. And between the other Defendants' employment in Rhode Island, see Compl. ¶ 2–6 [#1], and that Plaintiffs' claims relate to all of Defendants' actions in Rhode Island, see, e.g., Compl. ¶ 22, 24, 43 [#1], Rhode Island would presumably have general or specific jurisdiction over the remaining Defendants, see Cassidy v. Lonquist Mgmt. Co., 920 A.2d 228, 233 (R.I. 2007) ("A state's general jurisdiction over a defendant is established when the party's contacts with the forum state are continuous, purposeful, and systematic, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . [A] party can make a prima facie showing of specific personal jurisdiction over a defendant if the claim sufficiently relates to or arises from any of a defendant's purposeful contacts with the forum." (citations and internal quotation marks omitted)).

[51] Pls.' Mem. Law Re: Klucznik, 2 [#35].

[52] Casas, 42 F.3d at 677.

10

liability may best be determined in one proceeding.

IV.     Conclusion

There is incomplete diversity in the citizenship of all adverse Parties to this litigation.  This court, therefore, must dismiss the action for a lack of subject-matter jurisdiction.[53]  This action is hereby DISMISSED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge

---

[53] See 28 U.S.C. § 1332(a); Fed. R. Civ. P. 12(h)(3).